**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHEMTURA CORPORATION, AND** | § | |
| **GREAT LAKES CHEMICAL** | § | |
| **CORPORATION,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **INTERFLOW (TANK CONTAINER** | § | **C.A. NO. _____** |
| **SYSTEM) LIMITED D/B/A INTERFLOW** | § | **(In Admiralty)** |
| **USA, INC.,** | § | |
| **INTERMODAL RESEARCH, INC. D/B/A** | § | |
| **I.R.I. TRUCKING,** | § | |
| **VOPAK NORTH AMERICA, INC., AND** | § | |
| **VOPAK TERMINAL GALENA PARK,** | § | |
| **INC.,** | § | |
| **Defendants.** | § | |

## COMPLAINT

1.  Plaintiffs, Chemtura Corporation and Great Lakes Chemical Corporation (collectively referred to as "Plaintiffs") complain of defendants, Interflow (Tank Container System) Limited d/b/a Interflow USA, Inc., Intermodal Research, Inc. d/b/a I.R.I. Trucking, Vopak North America, Inc., and Vopak Terminal Galena Park, Inc. (collectively referred to as "Defendants"), and in support allege upon information and belief as follows:

### A. PARTIES

2.  Plaintiff, Chemtura Corporation ("Chemtura"), is a corporation or similar business entity organized under the laws of the State of Delaware and has its principal place of business in the State of Pennsylvania.

3.  Great Lakes Chemical Corporation ("Great Lakes"), is a corporation or similar business entity organized under the laws of the State of Delaware and has its principal place of business in the State of Arkansas.  Great Lakes is a wholly-owned subsidiary of Chemtura.

4.  Defendant, Interflow (Tank Container System) Limited d/b/a Interflow USA, Inc. ("Interflow"), is a foreign limited company or similar business entity organized under the laws of Great Britain.  It regularly engages in business in Texas as a freight-forwarder/logistics company providing international transportation related services.  Interflow may be served with process through its registered agent in Texas, I. H. Lin, at 8106 Hidden Trail, Spring, Texas 77379.

5.  Defendant, Intermodal Research, Inc. d/b/a I.R.I. Trucking ("IRI Trucking") is a corporation or similar business entity organized under the laws of the State of Texas. It is engaged in the business of providing inland transportation services as a contract motor carrier. IRI Trucking has its principal place of business in the State of Texas and may be served with process by serving its registered agent in Texas, Larry G. Rhea, at 4615 Oates Road, Houston, Texas 77229.

6.  Defendants, Vopak North America, Inc. and Vopak Terminal Galena Park, Inc. (collectively "Vopak"), are corporations or similar business entities organized under the laws of the State of Delaware.  Defendants are engaged in the business of providing tank terminal related services as a logistical center for the storage and movement of petrochemical products.  Vopak Terminal Galena Park, Inc. is a subsidiary of Vopak North America, Inc.  Vopak has its principal place of business in the State of Texas, and may be served with process by serving its registered agent in Texas, CT Corporation System, at 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

## B. **JURISDICTION**

7.  The causes of action against Interflow are in admiralty within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.  All related claims and parties are subject to this Court's supplemental or pendent jurisdiction within the meaning of 28. U.S.C. § 1367.

8.  In the alternative, jurisdiction also rests on a federal question within the meaning of 28 U.S.C. § 1331 and 28 U.S.C. § 1337, as the causes of action against IRI Trucking arise under an act of congress regulating commerce (49 U.S.C. §14706 – Interstate Commerce Act/Carmack Amendment) and the amount in controversy exceeds $10,000.00, exclusive of interest and costs.

## C.  VENUE

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2)  because a substantial part of the property at issue is situated in this district.  The goods in question were discharged in Houston, Texas and transported to Galena Park, Texas, for storage at Vopak's terminal, all of which occurred within this district.

## D.  CONDITIONS PRECEDENT

10.  Plaintiffs have duly performed all duties and obligation on their part to be performed.

## E.  FACTS

11. This case involves a shipment of approximately 247,000 pounds of the liquid chemical Reofos 35 transported from England to the Vopak terminal in Galena Park, Texas.  Chemtura (UK) was the seller and shipper in this transaction, and Great Lakes was the buyer/consignee. Chemtura contracted with a third-party logistics company who, acting on Chemtura's behalf, contracted with Interflow to coordinate the transportation of the shipment for which Interflow issued Bill of Lading No. L537076.  On or about August 2, 2008, the cargo was shipped via ocean carriage aboard the M/V Yorktown Express pursuant to Sea Waybill No. OOLU3018758160 and was discharged at the Port of Houston, at which point the cargo was transported via motor carriage by IRI Trucking to the Vopak terminal in Galena Park, Texas.

12. On August 26, 2008, Interflow provided transportation instructions to the inland carrier, IRI Trucking, and incorrectly described the chemical product as "Durad 220B".  IRI Trucking

failed to confirm the type of chemical product that was being transported and purportedly indentified the product as Durad 220B upon arrival at the Vopak terminal in Galena Park, Texas. At that point, Vopak also failed to properly ascertain the proper identity of the cargo and proceeded to discharge the shipment of Reofos 35 into a shore tank designated for Durad 220B. The tank in which the Reofos 35 product was discharged already contained approximately 472,000 pounds of Durad 220B also owned by Chemtura.  The commingling of Reofos 35 with Durad 220B resulted in a significant reduction to the commercial values of both products.

### F.  COUNT 1—BREACH OF CONTRACT

13. On or about August 2, 2008, at the load port of Thamesport, UK, the shipment of chemicals in question was delivered to the defendant, Interflow, in good order and condition. Defendant/Interflow, a non-vessel operating common carrier received, accepted and agreed to transport the goods in question for certain consideration to Galena Park, Texas.  Plaintiffs assert that Defendant/Interflow, was directly responsible for the improper delivery of the chemical product in question (Reofos 35) when it was discharged into the wrong shore tank at Vopak Terminal in Galena Park, Texas on or about August 26, 2008.  The shore tank at Vopak terminal in Galena Park, Texas in which the Reofos 35 product was discharged already contained a different chemical product owned by the Plaintiffs.  The improper delivery and/or discharge of the Reofos 35 chemical product into the storage tank in question caused damage to both products resulting in a considerable loss to their respective market values.   Accordingly, the Defendant/Interflow breached, failed, and violated its duties and obligations as a common carrier and was otherwise at fault.

14. On or about August 26, 2008, the shipment of chemical products in question was delivered in good order and condition to the Defendant/IRI Trucking, who transported the

shipment of chemicals from the Port of Houston to Vopak Terminal in Galena Park, Texas. Defendant, IRI Trucking, received, accepted and agreed to transport the shipment in question for certain consideration. Defendant/IRI Trucking failed to ascertain and/or confirm the type of chemical product that was being transported and purportedly misidentified the product upon arrival at the Vopak Terminal at Galena Park, Texas where the product was discharged and delivered into a shore tank containing a different chemical product. Accordingly, defendant/IRI Trucking, breached, failed and violated its obligations as a contract motor carrier providing transportation services and was otherwise at fault.

15. Defendants, Vopak contracted with the Plaintiffs to provide facilities and services for the storage and handling of the Plaintiffs' chemical products. The terminaling services agreement between the Plaintiffs and Vopak required it to properly and safely receive, handle, store and secure the Plaintiffs' products while they were in the care and custody of the Defendants at their Galena Park, Texas industrial terminal. The Plaintiffs contend that Vopak failed to properly identify or ascertain the proper identity of the shipment of chemicals in question and proceeded to discharge the shipment of Reofos 35 into a tank designated and containing a different type of chemical product owned by the Plaintiffs. The comingling of these two different chemical products resulted in a significant loss of their respective market values. Vopak breached its contract with the Plaintiffs and this breach directly caused the damages in question.

## G. COUNT 2—BAILMENT

16. Defendants were bailees of Plaintiffs' goods while in possession of its cargo. The bailment for mutual benefit between Plaintiffs and Defendants existed by virtue of an express or implied contract.

17. Defendants received the goods in good order and condition, but delivered the goods in a damaged condition that did not exist at the time of delivery to the bailees, thereby breaching their duties and obligations as bailees and were negligent, which breach proximately caused damage to Plaintiffs.

## H. COUNT 3—NEGLIGENCE

18. In addition, or in the alternative, Defendants were negligent in general and in the following respects, whether directly or vicariously, which negligence proximately caused the damage to both the Reofos 35 and Durad 220B chemical products owned by Plaintiffs:

(i) Failing to properly identify the true and exact nature of the chemical product being transported and properly identifying the product before transferring custody of it, or, in the case of Vopak, before storing the product in its chemical tank.

(ii) Failing to properly handle the goods;

(iii) Failing to ensure the goods' safekeeping while in their care, custody or control;

(iv) Failing to take adequate precautions to prevent damage to the goods; and

(v) Failing to provide proper instructions to their employees and/or agents.

19. The above list is not exclusive and Plaintiffs would show that Defendants committed other acts of negligence which proximately caused the damage to their property.

## I. RES IPSA LOQUITUR

20. Plaintiffs further rely on the doctrine of res ipsa loquitur as the goods were damaged while within the security, care, custody or control of one or more of the Defendants, which, in the ordinary course of events, would not have occurred without negligence on the part of the Defendants, which negligence proximately caused the loss in question.

6

## J.  JOINT AND SEVERAL LIABILITY

21. Defendants, jointly and severally, failed to exercise the requisite care and protection of the cargo, or were otherwise negligent.  Defendants breached their duties, which proximately caused the loss in question.

## K.  DAMAGES

22. By reason of the foregoing, Plaintiffs have sustained damages, as nearly as can be now estimated, no part of which has been paid, although duly demanded, in the amount of $1,100,000.00.

23. Additionally, Plaintiffs, by their duly authorized representatives, presented their claim for damages to Defendants and/or their respective duly authorized agents more than 30 days prior to filing this action, but the claims has not been paid or satisfied.  Plaintiffs have therefore retained the undersigned attorneys and have incurred, or will incur, in the prosecution of its claim, and of this suit, reasonable and necessary attorneys fees in the amount of at least $300,000.00 for which demand is made under Chapter 38 of the Texas Civil Practice and Remedies Code.  Plaintiffs also seek reasonable and necessary attorneys' fees incurred on any appeals or in collection of a judgment.

## L.  REAL PARTIES IN INTEREST

24. Great Lakes was the owner and consignee of the damaged Reofos 35 chemical product and Chemtura was the owner of the damaged Durad 220B chemical product that form the basis of this lawsuit.  Plaintiffs bring this action on their own behalf and for the interest of all parties who may be or become interested in the goods in question, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

## M. <u>PRAYER</u>

25. For these reasons, Plaintiffs pray that Defendants be cited to appear and answer herein and that, upon final trial, Plaintiffs have a judgment against Defendants, jointly and severally, for damages in the amount of $1,100,000.00, reasonable attorneys' fees of $300,000.00, costs of court, pre and post-judgment interest at the rate allowed by law until paid, and for such additional relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

STEVEN P. VANGEL
Texas Bar No.: 20465800
SDTX I.D. No. 4065
CARLOS M. TAMEZ
SDTX I.D. No. 1054892
Texas Bar No.: 24070716
HILL RIVKINS LLP
55 Waugh Dr., Suite 1200
Houston, Texas 77007
Telephone:      (713) 222-1515
Direct Line:    (713) 457-2286
Facsimile:      (713) 222-1359
E-mail: svangel@hillrivkins.com
E-mail: ctamez@hillrivkins.com

ATTORNEYS FOR PLAINTIFFS
CHEMTURA CORPORATION AND
GREAT LAKES CHEMICAL CORPORATION